FILED
SUPERIOR COURT
OF GUAM

2021 AUG 11 PM 1:07

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0317-21 |
| vs. | **DECISION AND ORDER** |
| **JERFIN 1 KOMIS aka Jeene Komic aka Joon Jeen aka Jefin Komis aka Joon,** Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on August 9, 2021, for remote hearing on Defendant **JERFIN 1 KOMIS aka Jeene Komic aka Joon Jeen aka Jefin Komis aka Joon's** ("Defendant") Motion to Release the Defendant on Personal Recognizance ("Motion for Release"). Present via Zoom were Defendant from the Department of Corrections and Interpreter Karma Mori Halbert. Present via teleconference were Assistant Public Defender William Bischoff, counsel for Defendant and Assistant Attorney General Richelle Canto on behalf of the People of Guam ("the Government"). In accordance with its ruling from the bench on August 9, 2021, the Court now issues the following Decision and Order DENYING Defendant's Motion for Release.

## BACKGROUND

On July 8, 2021, Defendant was indicted with the following charges: (1) Terrorizing (As a Third Degree Felony) with attached Special Allegation: Use of a Deadly Weapon in the Commission of a Felony and Notice: Felony While on Felony Release; (2) Child Abuse (As a

Misdemeanor); and (3) Assault (As a Misdemeanor). (Indictment, Jul. 8, 2021). These charges stem from allegations that Defendant approached a swing set at Lencho Park in Dededo where Steven C. Quichocho ("Mr. Quichocho"), his grandson D.P. (DOB: 06/02/2008), and D.P.'s first cousin N.P. (DOB: 04/04/2012) were playing. (Decl. of Minji E. Kim, Magistrate's Compl., Jun. 30, 2021). Defendant approached D.P. and asked him if he wanted to be pushed higher on the swing. *Id.* When D.P. answered "no," Defendant pulled out a knife from his waistband and stood in a bladed stance toward D.P. *Id.* D.P. immediately got off the swing and ran to Mr. Quichocho who was sitting about 10 feet away on a bench. *Id.* Mr. Quichocho approached Defendant after hearing what happened, took a photo of him, asked his name and about the knife. *Id.* Defendant stated he doesn't have a knife while lifting his shirt. *Id.* A knife then fell out of the waistband area onto his lap as Defendant tried to lift the back of his shirt. *Id.* Mr. Quichocho and D.P. both stated to the police that Defendant appeared to be drunk. *Id.* D.P. stated that Defendant smelled of alcohol on his breath and was swaying from side to side as he walked up to the swing. *Id.* Mr. Quichocho also stated that Defendant had bloodshot eyes and smelled of alcohol. *Id.* At the time of this alleged incident, Defendant was on pre-trial release for Criminal Case No. CF0087-20. *Id.*

On July 22, 2021, Defendant filed the instant Motion for Release. Defendant is confined pending the posting of $3,000 cash bail. *See* Commitment Order, Jun. 30, 2021. On July 27, 2021, the Government filed its Opposition.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance. *See generally,* Mot. Release, Jul. 22, 2021.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a

substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

   (i)     length of his/her residence on Guam;
   (ii)    his/her employment status and history, and financial condition;
   (iii)   his/her family ties and relationships;
   (iv)    his/her reputation, character and mental and physical condition;
   (v)     his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
   (vi)    his/her history relating to drug or alcohol abuse;
   (vii)   the identity of the reasonable members of the community who will vouch for his/her reliability;
   (viii)  whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and
   (ix)    his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he return to custody at specific times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he has been a resident of Guam for 10 years and that he is not a flight risk. (Mot. Release at 1). Defendant states that he "will abide by any release conditions imposed and not be a danger to the alleged victim or to the community in general." *Id.* Defendant further states that he "was not acquainted with the victims" and "will not attempt to contact them." *Id.*

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community and Defendant's ability to follow court orders. Defendant is charged with Terrorizing (As a Third Degree Felony), Child Abuse (As a Misdemeanor), and Assault (As a Misdemeanor), all against a minor child, D.P. (DOB: 06/02/2008). Although there was no physical harm alleged, the Court is concerned that Defendant allegedly utilized a knife in the commission of these offenses. Further, the Court is not convinced at this time that Defendant will follow any and all conditions of release imposed. Defendant was on pre-trial warrant status in CF0087-20 until he was arrested for the instant matter.[1] Defendant also has

---

[1] A Bench Warrant was issued for Defendant's arrest in CF0087-20 on April 13, 2021. A Return of Warrant was filed on June 30, 2021, after Defendant was arrested on new charges. The Bench Warrant was issued after

another pre-trial criminal matter, CM0006-20, under the alias Jeen Joon Joon, and remains confined in that matter after a Warrant of Arrest was issued in December 2020.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians or release on electronic monitoring in the future.

CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Release on Personal Recognizance. A remote Status Hearing is set for September 20, 2021 at 11:30 a.m. via Zoom. To appear for the remote hearing via Zoom, enter Meeting ID: **328-483-6667** and Passcode: **992379**.

**IT IS SO ORDERED,** *nunc pro tunc to* **August 9, 2021**, this 11th day of August, 2021.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, PDSc

Date: 8/11/21 Time: 1:10pm
Antonio A. Cruz
Deputy Clerk, Superior Court of Guam

Defendant failed to appear for a Status Hearing on April 13, 2021. According to the 1st Violation Report filed on April 8, 2021, Defendant failed to report weekly and last reported on December 2, 2020. At the time of the filing of the Violation, a Warrant of Arrest had already issued for Defendant in his other criminal matter, CM0006-20.

*People v. Komis*
Case No. CF0317-21
Decision and Order